SHEA *v.* KNOXVILLE AND KENTUCKY RAILROAD CO.

1. OFFICERS AND DIRECTORS OF RAILROAD CORPORATION. *For what and when liable to stockholders.* The officers of a railroad corporation are directly responsible to its stockholders upon the general principles of equity for losses and defalcations occasioned as well by their neglect as by their positive misconduct and breach of trust.

2. SAME. *When judgment creditors may compel them to account.* A judgment creditor of the company may also, by bill in equity, compel its directors to account with the company to the end that the funds belonging to the company misappropriated by them may be subjected to the satisfaction of his debts.

3. SAME. *Bill charging bribery against. Not demurrable.* To a bill of such a character, charging embezzlement by the directors of the company, and an appropriation by them of a sum of money for purposes of bribery and corruption, it is no ground of demurrer that the charges made are felonies involving criminal liability, to which, if true, they are not bound to subject themselves.

4. SAME. *When not too vague to dispense with answer.* Where a bill alleged that the officers of a railroad company had in divers ways squandered and embezzled and misappropriated funds, etc., of the company: *Held,* that the charge was sufficiently specific to require an answer.

5. SAME. *State directors equally liable with stockholder directors.* Directors appointed by the State in a railroad company chartered by the State are, individually and officially, equally responsible to the stockholders, with the directors elected by them, for the management of the affairs of the company.

6. SAME. *Bill not demurrable because all of directors not included.* Nor will a demurrer be allowed to such a bill because some of the directors so charged are made parties to it while others equally culpable are not.

7. SAME. *Fraudulent conveyee. When a proper party.* Where the bill alleges that one of the directors charged with acts of misappropriation and embezzlement had fraudulently conveyed his property to his wife, and seeks to have the conveyance set aside, that the property may be subjected to his debt, making the wife a party for this purpose: *Held,* that she was a proper party to the bill.

8. JUDICIAL NOTICE. *Of what courts will and will not take.* The court, while taking judicial notice of an act of the Legislature authorizing the sale of a railroad, will not take such notice as to the fact of the sale. Nor do they judicially know that the corporate existence of a company

whose charter has not expired by limitation has ceased, or that the corporation has successors.

9. VARIANCE BETWEEN CHARTER AND ALLEGATION IN BILL. *When fatal.* Where a charter provides that the directors of a company shall not exceed in their contracts the amount of its capital and funds, which may have been borrowed and placed at their disposal, and provides for the joint and several liability of these of the board who may be present at the making of any contract exceeding such amount for the excess, etc., and a bill seeking to enforce the liability of the directors for a violation of this provision, alleges that the directors have exceeded in their contracts the amount of their unexpended capital: *Held,* that as the charter did not contain this limitation, and the charge was not made in language equivalent to that employed thereby, that a demurrer to so much of the bill containing this allegation was properly sustained.

## FROM KNOX.

Appeal from the Chancery Court. O. P. TEMPLE, Chancellor.

No record found.

DEADERICK, J., delivered the opinion of the court.

The bill in this case was filed in the Chancery Court at Knoxville, December 7, 1871, against the railroad company, and against Jos. A. Mabry and a number of parties who are alleged in the bill to have constituted the board of president and directors of said company at the time that the alleged acts of embezzlement and misapplication of the funds of the company were done.

It is alleged that complainant had obtained judgment in the Circuit Court of Knox county on June 21, 1871, for $14,992 and costs of suit against the

Shea *v.* K. and K. Railroad Co.

said Knoxville and Kentucky Railroad Company for work and labor done in constructing said road, and that execution had issued and been returned *nulla bona,* and that no property of said company can be found to satisfy said execution.

It is further alleged that $2,380,000 of six per cent. State bonds had been loaned to said company by the State, and subscription of stock had been made and paid by the city of Knoxville, the counties of Knox and Anderson, and by individuals, amounting to about $375,000, which fund, it is alleged, was amply sufficient to build and equip said road as far as it has been built, and leave a large surplus. That Jos. A. Mabry was president of said railroad company from January 1, 1867, to January 1, 1871, and that the defendants M. D. Bearden, James Rogers, John Williams, Thomas H. Pearne, John F. Spence, John Wood, Wm. Craig, J. R. Waisman, Geo. W. Sharp, Geo. W. Ragsdale, W. F. Seay, Andrew Knott, and Wm. Heiskell, testator of defendant J. M. Heiskell, were duly elected and appointed directors of said company, and acted in that capacity from the 28th September, 1868, to 16th July, 1870, and that during that time a large portion of the fund before mentioned as loaned by the State to said company, as well as receipts from the road, were appropriated and expended by them, and under their direction; that the said officers of the railroad company were entrusted by law with the funds loaned to, or belonging to said company, and were required to pay out the money loaned by the State honestly and faithfully in the payment of debts of

said company (including complainant's debt), contracted in constructing, equipping, and running said road.

The bill then alleges that the said president and directors of said company, instead of faithfully and honestly appropriating and expending the funds loaned to and belonging to the said company, they have misapplied the same, and suffered them to be squandered, embezzled, and misappropriated; that among other misapplications of the same said president and directors, expending some $27,000, ostensibly in procuring further State aid in constructing said road, but really in bribing and corrupting, and attempting to bribe and corrupt, the Legislature of the State, and said expenditure was made while the defendants were acting as president and directors of said company, and with their knowledge and consent.

The bill further charges that the said president and directors exceeded in their contracts the amount of unexpended capital of said corporation and of the funds belonging to or borrowed by said corporation and under its control for that purpose, and thereby, under the charter of the company, became individually liable for the complainant's debt.

The bill then impeaches as voluntary a conveyance of a house and lot by Thomas H. Pearne to his wife, and prays that the same be set aside, and that the house and lot be subjected to payment of complainant's judgment. The bill prays for a decree against each of said defendants, except Anna, wife of Thomas H. Pearne, and for general relief.

To the bill the defendants demur.

Shea *v.* K. and K. Railroad Co.

1. Because the complainant has no right to call defendants to account for the manner in which they have discharged their duties as president and directors of said railroad company.

2. The bill does not show any sufficient ground for holding defendants personally liable for complainant's judgment.

3. There is a want of necessary parties all of the directors should be made defendants.

4. The court will judicially know that the Knoxville and Kentucky Railroad Company has ceased to have a corporate existence.

5. The successors of said company, the purchasers of its franchises, road, etc., should be made defendants.

6. And the bill does not show that complainant's judgment has been revived against said successor.

7. No ground for relief against Mrs. Pearne is stated in the bill, nor any reason why her property should be subjected to complainant's debt.

8. The charges as to the balance of said fund are vague and indefinite, etc.

9. Not bound to answer the charge that they have in divers ways squandered and embezzled and misappropriated the funds, etc., because the charge is indefinite and general, and because it imputes a felony, and they are not bound to criminate themselves.

10. The charge that $27,000 was used to corrupt legislators admits of no answer, because it does not allege when, where, how, or with whom such corruption occurred, and because bribery is a criminal offense and defendants are not bound to answer.

11. The allegation that the directors exceeded in their contracts the unexpended capital, is too general, etc.

12. The State directors are not bound to same liability as stockholder directors, and should not be compelled to answer the charges as to personal liability.

The Chancellor sustained the demurrer, and complainant has appealed to this court.

The officers of a moneyed institution are responsible to it for improperly obtaining and disposing of the funds or property of the company. They are the trustees, and the stockholders are the *cestui qui trust*, and no injury that the stockholders may sustain by a fraudulent breach of trust can, upon the general principles of equity, be suffered to pass without a remedy: Angell & Ames on Corp., sec. 312.

The officers and agents of a corporation are liable for losses and defalcations occasioned by their neglect as well as by their positive misconduct. *Ib.,* sec. 314.

Their liability is directly and primarily to the stockholders, but in equity creditors of the corporation may, through it, reach them so as to compel them to account with the company to the end that funds in their hands or misappropriated by them may be subjected to the payment of debts due from the corporation.

In this case the bill alleges that complainant is a judgment creditor for work and labor done for the company, and that the president and directors of the company have misappropriated and embezzled funds of the company which ought to have been applied to the

Shea *v.* K. and K. Railroad Co.

payment of his judgment.    If this allegation be true, it furnishes ground for relief, and the demurrer to this part of the bill was improperly sustained.

The charges of the bill are sufficiently specific to require an answer from defendants.    And while defendants may protect themselves against answering the charges of embezzlement and bribery, if they choose to do so, it is no ground of demurrer that they are not bound to criminate themselves by their answer.

The complainant may, notwithstanding their refusal to answer these charges, insist upon and establish them by proof if he is able to do so.

Nor do we see any ground why the "State directors" are not responsible in the same manner and to the same extent as the directors elected by the stockholders.    Neither the one nor the other could be held responsible for errors in judgment or mistakes in the management of the affairs of the company, but only for acts of faithlessness or dishonesty in their offices.

The bill alleges that Thomas H. Pearne had fraudulently, and without consideration, conveyed to his wife a house and lot in Knoxville, and assumes and charges that he is liable to pay complainant's claim, and seeks to set aside the conveyance.    Whether he is so liable, and whether the conveyance is fraudulent and void, can only be determined in the further progress of the case, but Mrs. Pearne, to whom the conveyance was made, is a proper party, and this charge of the bill is not demurrable.    We are of opinion, therefore, that the demurrer was improperly sustained as to this point.

The objections taken that the bill does not make other parties defendants, and that the railroad company has ceased to have a corporate existence, of which fact this court should take judicial knowledge, and that its successors should have been made defendants, are not well taken. The bill alleges misconduct of defendants making them liable, and the complainant would not be bound to make others defendants even if such others were also liable. We do not know, and cannot judicially know, that the company has ceased to have a corporate existence, or has successors. We might take notice that an act of the Legislature here authorized a sale, but not that such sale had been made.

These facts do not appear upon the record in its present state, but may be shown by answer and proof.

Without further specification, we hold that none of the grounds of demurrer are sustainable, except the 11th, to that part of the bill which charges that said president and directors are individually liable for complainant's judgment, because they exceeded in their contracts the amount of (unexpended) capital of said corporation. The amendment to the charter of the company, sec. 16, acts of 1855–6, p. 435, provides: "That the board of directors shall not exceed in their contracts the amount of the capital of the corporation, and the funds which the company may have borrowed and placed at the disposal of the board; and in case they should do so, the president and directors who may be present at the making of such contract or contracts so exceeding the amount aforesaid, shall be

jointly and severally liable for the excess, both to the contractor or contractors, and the corporation."

The bill charges that the directors have exceeded in these contracts the amount of their (unexpended) capital.

The act has no such word of limitation. A portion of the capital might have been expended otherwise than by contract, in the sense in which the words used in the amendment. And to hold the parties bound under this act, stringent, yet perhaps wise in its provisions and purpose, the charge should have been in the language employed in the act—or its equivalent.

The demurrer as to this point is sustained, but complainant may, if he chooses so to do, remedy the objection by amendment in the Chancery Court. As to all the other causes of demurrer they are insufficient, and the demurrer is overruled as to them.

The cause reversed and remanded, each party paying one-half the costs of this court.